UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HAROLD E. MUMMEY,

    Plaintiff,

    v.                     CAUSE NO.: 3:19-CV-571-JD-MGG

ROBERT CARTER, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Harold E. Mummey, a prisoner without a lawyer, filed an amended complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review

the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim,

or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Mummey alleges that he has a limited ability to climb

stairs as a result of a left leg injury from a motor vehicle accident and that medical staff

at the Indiana State Prison issues him flag passes to inform correctional staff of his

physical limitations. While these physical limitations are permanent, the flag passes are

issued for only ninety days, and each time they expire, inmates are required to undergo

a medical examination to renew them. The issue with this practice is that, even if an

inmate submits several medical requests, his flag pass may expire before he is scheduled for a medical examination.

On June 21, 2018, Mummey was moved to a cell in a location that required him to climb stairs. He explained his physical condition to Case Manager Wilson, who responded by telling Mummey to contact the medical unit. On June 27, Mummey fell while climbing stairs, which resulted in injuries to his back, left eye, and his left hand. Despite submitting numerous medical requests, Mummey was not able to obtain a medical examination with Dr. Marthakis until August 10. For his claims, Mummey seeks money damages and injunctive relief.

Mummey asserts an Eighth Amendment claim of deliberate indifference against Case Manager Wilson for refusing to accommodate his physical disability and Dr. Marthakis for failing to provide him with a permanent flag pass. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir.

2005). Mummey states a plausible Eighth Amendment claim of deliberate indifference against Case Manager Wilson and Dr. Marthakis.

Mummey further asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against Wexford Health Services. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Mummey alleges that Wexford's policy or practice of issuing ninety-day passes to inmates with permanent disabilities resulted in a violation of his Eighth Amendment rights. Based on these allegations, he may proceed on a claim against Wexford.

Mummey names Commissioner Robert Carter and Warden Ron Neal as defendants because they supervise Case Manager Wilson. He also names Nurse Sherri Fritter as a defendant for her role in maintaining the policy or practice of issuing ninety-day passes. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion*

*Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Mummey does not explain how Commissioner Carter, Ron Neal, or Nurse Fritter were personally involved in violating his constitutional rights, he cannot proceed against these defendants on claims for money damages.

Mummey also seeks an injunction for a more suitable flag pass policy. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to ordering correctional staff or medical staff to accommodate his physical limitations as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). The Warden of the Indiana State Prison has both the authority and the responsibility to ensure that Mummey receives the accommodations to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will allow Mummey to proceed against the Warden in his official capacity on an injunctive relief claim.

For these reasons, the court:

(1) GRANTS Harold E. Mummey leave to proceed against Case Manager Wilson on an Eighth Amendment claim for money damages for acting with deliberate indifference to his serious medical needs by refusing to accommodate his physical disability in June 2018;

(2) GRANTS Harold E. Mummey leave to proceed against Dr. Marthakis on an Eighth Amendment claim for money damages for acting with deliberate indifference to his serious medical needs for failing to provide him with a permanent flag pass;

(3) GRANTS Harold E. Mummey leave to proceed against Wexford Health Services on an Eighth Amendment claim for money damages for maintaining a policy or practice of issuing ninety-day passes to inmates with permanent disabilities;

(4) GRANTS Harold E. Mummey leave to proceed against the Warden Neal on a claim for injunctive relief to obtain the disability accommodations to which he is entitled under the Eighth Amendment;

(5) DISMISSES Commissioner Carter and Nurse Fritter;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Case Manager Wilson, Dr. Marthakis, Warden Neal, and Wexford Health Services at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 4) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Case Manager Wilson, Dr. Marthakis, Warden Neal, and Wexford Health Services to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Harold E. Mummey has been granted leave to proceed in this screening order.

SO ORDERED on October 30, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT